UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-24082-GAYLES

**LATEEFAH BRYANT,**

 Plaintiff,

v.

**KASS SHULER, P.A.,**

 Defendant.
_____/

## ORDER

 **THIS CAUSE** came before the Court upon Defendant Kass Shuler, P.A.'s Motion to Dismiss [ECF No. 6]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted.

## FACTUAL BACKGROUND[1]

 On or about June 24, 2015, Defendant served Plaintiff with a complaint and a summons in an effort to collect an outstanding debt owed to the Grow Financial Credit Union f/k/a MacDill Federal Credit Union. [ECF No. 6 at 2]. The summons indicated that Plaintiff had thirty days to respond to the complaint; however, the court's publicly available docket stated that a 20-day summons had been issued.

 On September 7, 2016, Plaintiff filed this action alleging that Defendant made false, deceptive, or misleading statements in connection with the collection of a debt in violation of Section 1692e of the Fair Debt Collection Practices Act (FDCPA). 15 U.S.C. § 1692e. In particular, Plaintiff asserts that Defendant made a false or misleading statement by virtue of the

---

[1] On a motion to dismiss, the court takes the plaintiff's factual allegations as true. *Brooks v. Blue Cross v. Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

Summons stating that Plaintiff had 30 days to respond to the Complaint when the Florida Rules of Civil Procedure only provide for 20 days.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id*. (alteration added) (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). However, pleadings that "are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

Defendant moves to dismiss, arguing that the summons was not misleading, false, or deceptive in violation of the FDCPA. The Court agrees. Pursuant to section 1692e of the FDCPA, debt collectors are prohibited from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e; *see also LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 (11th Cir. 2010). Courts in the Eleventh Circuit utilize the "least sophisticated consumer" standard to determine whether a debt collector's communication violates FDCPA § 1692e. *LeBlanc*, 601 F.3d at 1193. A communication violates § 1692 if the "'least sophisticated consumer' would be deceived or misled by the communication at issue." *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016) (citations omitted). The least sophisticated consumer is "presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *LeBlanc*, 601 F.3d at 1194. This standard also contains "an objective component in that '[w]hile protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness….'" *Id* (citations omitted).

Only material misrepresentations constitute violations of the FDCPA. *Anselmi v. Shendell & Associates, P.A.*, 12-61599-CIV, 2015 WL 11121357, at *6 (S.D. Fla. Jan. 7, 2015). To be a material misrepresentation, "a statement must 'influence a consumer's decision or ability to pay or challenge a debt.'" *Miljkovic v. Shafritz & Dinkin, P.A.,* 8-14-CV-635-T-33TBM, 2014 WL 3587550, at *8 (M.D. Fla. July 18, 2014), aff'd on other grounds, 791 F.3d 1291 (11th Cir. 2015) (citations omitted). Thus, a statement that does not influence an unsophisticated consumer's

ability to challenge a debt does not violate the FDCPA, even if the statement "is false in some technical sense." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645–46 (7th Cir. 2009).

Plaintiff argues that the summons is misleading and violates FDCPA § 1692e, because it misstates the law and, moreover, conflicts with the publicly accessible docket indicating that a 20-day summons had been issued.[2] Plaintiff contends that the discrepancy between the summons, the online docket, and the Florida Rules of Civil Procedure put her at risk of a default judgment and that this risk, somehow, makes the summons misleading. The Court disagrees.

The difference between the number of days to respond indicated on the Summons and the publicly available docket is not "materially misleading." The difference between the two response times would not have influenced even the least sophisticated consumer's ability to either pay or challenge the debt. Defendant's grant of additional days to respond in no way obfuscates the existence of the debt or the means by which the Plaintiff could contest the creditor's allegations.

Furthermore, Plaintiff's argument that the Summons was misleading because of the potential for default is not justified. To obtain a default under Florida law, the party seeking relief must first file a motion for default and produce the original Summons to prove that the Plaintiff had failed to timely respond to the complaint. In this case, Defendant would be bound by the 30-day response period set forth in the Summons—thus prohibiting a default. Accordingly, the Summons was not materially misleading, and Plaintiff's FDCPA claim must be dismissed.[3]

---

[2] Rule 1.140 of The Florida Rules of Civil Procedure states that "[u]nless a different time is prescribed in a statute of Florida, a defendant shall serve an answer within 20 days after service of original process and the initial pleading on the defendant." Fla. R. Civ. P. 1.140.

[3] Because the Court dismisses the Complaint for failure to state a claim, it need not reach a decision on whether a class would be appropriate.

## **CONCLUSION**

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that the Motion to Dismiss **[ECF No. 6]** is **GRANTED**. Plaintiffs' Complaint is **DISMISSED**.  This action is **CLOSED**

**DONE AND ORDERED** in Chambers at Miami, Florida this 28th day of February, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE